**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

| | |
|---|---|
| Sandra Jackson, | Case No. 18-cv-3127 (PJS/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Metro HRA (Metro Council Housing Authority), Terry Smith, Tammy Prigge, Colleen, and Daina Ketchen, | |
| Defendants. | |

This matter comes before the Court on the letter of pro se Plaintiff Sandra Jackson (ECF No. 5), which is accompanied by approximately 30 pages of exhibits. As best as this Court is able to tell, Plaintiff's letter is an attempt to comply with the Court's January 7, 2019 Order (ECF No. 4), directing Plaintiff to file an Amended Complaint. Plaintiff appears to have been working with some sort of "legal advocate" who was assisting her with her case, but recently became ill.

The Court recognizes that Plaintiff is proceeding pro se, and appreciates Plaintiff's efforts to comply with the January 7, 2019 Order. The Court also recognizes the time and effort that Plaintiff put into her letter and the accompanying documents. It is not, however, the Court's function to sift through Plaintiff's papers and essentially craft a complaint—factual allegations and bases for recovery—for her. *See Gurman v. Metro Hous. & Redevelopment Auth.*, 842 F. Supp. 2d 1151, 1153 (D. Minn. 2011). "In granting the deference owed to pro se parties, [the court may not] assume the role of advocate for the

1

pro se litigant." *Machen v. Iverson*, No. 11-cv-1557 DWF/JSM, 2012 WL 566977, at *15 (D. Minn. Jan. 23, 2012) (quotation omitted), *report and recommendation adopted*, 2012 WL 567128 (D. Minn. Feb. 21, 2012); *see Bracken v. Dormire*, 247 F.3d 699, 705 (8th Cir. 2001) (Arnold, J., dissenting) ("Of course, a pro se pleading is not a magic hat out of which a court may pull any claim it thinks should have been advanced.").

The Court will construe Plaintiff's letter as a request for an extension of time to file an Amended Complaint. **Plaintiff will be given an additional 30 days from the date of this Order to comply with the January 7, 2019 Order and file an Amended Complaint.**

Plaintiff is reminded that Rule 8 requires a complaint to contain "a short and plain statement of the claim[(s)] showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "A complaint must be concise, and it must be clear." *Gurman*, 842 F. Supp. 2d at 1152. A complaint must provide the defendant "with fair notice" of the plaintiff's claims "and the grounds upon which [they] rest[ ]." *Adams v. Am. Family Mut. Ins. Co.*, 813 F.3d 1151, 1154 (8th Cir. 2016). Plaintiff is reminded that, if she elects to amend, she must submit an entirely new pleading clearly labeled "Amended Complaint." She must comply with the basic pleading rules prescribed by Federal Rules of Civil Procedure 8 through 11, and her new pleading must describe the specific factual and legal bases for her claims in a clear, complete, and well-organized fashion. Importantly, the Amended Complaint must clearly explain what, specifically, each Defendant actually did (or failed to do) that allegedly violated the law. Vague accusations and legal conclusions will not suffice. The Amended Complaint must allege a full set of historical facts explaining the violations Plaintiff alleges.

If Plaintiff does not file an Amended Complaint satisfying all of the conditions outlined in the January 7, 2019 Order **within 30 days from the date of this Order**, the Court will recommend that this case be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Date: February  11  , 2019

      *s/ Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*Jackson v. Metro HRA (Metro Council Housing Authority) et al.*
Case No. 18-cv-3127 (PJS/TNL)